10-688-ag
Francis v. Holder

BIA
Montante, IJ
A076 024 171

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals
for the Second Circuit, held at the Daniel Patrick Moynihan
United States Courthouse, 500 Pearl Street, in the City of
New York, on the 23rd day of May, two thousand eleven.

PRESENT:
        JOHN M. WALKER, JR.,
        PETER W. HALL,
        DENNY CHIN,
            *Circuit Judges.*

_____

IRVING FRANCIS,
        *Petitioner,*

        v.                                    10-688-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Nita Dobroshi, The Law Offices of
                       Spar & Bernstein, P.C., New York,
                       New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Aviva L. Poczter, Senior
                       Litigation Counsel; Christopher P.

**McGreal, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, in part, and DENIED, in part.

Petitioner Irving Francis, a native and citizen of Trinidad, seeks review of a January 29, 2010, order of the BIA affirming the September 8, 2008, decision of Immigration Judge ("IJ") Philip J. Montante, Jr. denying his motion to rescind an *in absentia* removal order and reopen his proceedings. *In re Irving Francis*, No. A076 024 171 (B.I.A. Jan. 29, 2010), *aff'g* No. A076 024 171 (Immig. Ct. Buffalo Sept. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotations omitted). We review the agency's denial of motions to rescind or reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006).

The agency abused its discretion in denying Francis's motion to rescind as it failed to consider all of the evidence in the record. An *in absentia* order of removal may be rescinded if an alien demonstrates that he did not receive notice of the hearing. 8 U.S.C. § 1229a(b)(5)(C). In such cases, "the central issue . . . is whether the alien actually *received* the notice," and not "whether the notice was properly mailed." *Alrefae*, 471 F.3d at 359 (quotation omitted). While the agency may presume that mail sent to an alien's address is received, the agency has an obligation to "consider all relevant evidence, including circumstantial evidence, offered to rebut th[e] presumption." *Id*. at 359-60.

2

Here, the agency failed to consider that when the immigration court mailed the *in absentia* order to the address on Francis's Notice to Appear, the letter was returned because its recipient did not live at the address. Additionally, the IJ abused his discretion by refusing to consider Francis's divorce decree–which was submitted as evidence that at the relevant time he lived in Brooklyn—on the ground that the removal of a staple to permit the document to be photocopied, undermined the evidentiary value of the decree. The IJ provided no analysis or legal basis for this conclusion. *See Kaur*, 413 F.3d at 233-34 (explaining that an abuse of discretion may be found where the agency's decision "provides no rational explanation . . . [and] is devoid of any reasoning . . ."). Accordingly, because it did not consider all of Francis's evidence, the agency abused its discretion in concluding that Francis had not rebutted the presumption of receipt. *See Alrefae*, 471 F.3d at 359-60 (concluding that the agency abused its discretion when it did not address all of the evidence submitted to rebut the presumption of receipt of notice). We therefore remand to the agency to consider all of the evidence.

Having found an abuse of discretion in the agency's fact-finding process, we do not address whether Francis was obligated to notify the immigration court that he resided at a different address from that on his Notice to Appear because any such obligation did not form a separate basis for the agency's decision. Having concluded that the agency abused its discretion in evaluating whether Francis received notice, we additionally vacate the agency's decision insofar as it dismissed Francis's motion for lack of due diligence. The agency may thus reconsider that discretionary issue in light of its reconsideration of the merits of Francis's motion. Accordingly, we vacate the agency's denial of Francis's motion to rescind his *in absentia* removal order for lack of notice and remand for reconsideration. We express no opinion on the ultimate outcome of those proceedings.

We deny the petition for review in all other respects. Francis's due process claim fails because he has failed to demonstrate prejudice; the record demonstrates that the BIA accepted Francis's counsel's account of what happened at the

3

hearing on appeal.  *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (an alien alleging a due process violation must demonstrate "cognizable prejudice").

Moreover, the agency did not abuse its discretion in denying rescission under 8 U.S.C. § 1229a(b)(5)(C)(i) or reopening under 8 U.S.C. § 1229a(c)(7) because the motion was untimely.  The agency evaluated and reasonably discounted Francis's evidence that he relied on an attorney to respond to his Notice to Appear.  Francis's I-130 application indicated that he was represented by a different attorney.  Francis's complaint to the bar association did not confirm the existence of his attorney; the association had no record of the attorney, and Francis's purported receipts from his attorney did not establish that the attorney agreed to assist him by responding to the Notice to Appear.  Accordingly, the agency's denial of equitable tolling with respect to the motion to reopen, or rescission based on equitable circumstances, was not an abuse of discretion.  *See Kaur*, 413 F.3d at 233.

For the foregoing reasons, the petition for review is GRANTED, in part and DENIED, in part, the order of removal is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this decision.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4